

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

March 24, 1967

Honorable Richard M. Price
District Attorney
104th Judicial District
Abilene, Texas

Opinion No. M-48

Re: Whether an attorney who
represents a defendant, under
a court appointment on a sec-
ond trial, after the acquittal
of the criminal offense, is
entitled to compensation under
Articles 46.02, 26.04 and
35.27, V.C.C.P. or other pro-
visions of the law, under the
stated facts, and related
question.

Dear Mr. Price:

In your letter of February 16, 1967, you ask for an opinion
of this office on the following questions, which are restated
as follows:

(1) Is an attorney appointed under Article 46.02, Section 8,
Vernon's Code of Criminal Procedure*, to represent a person
previously acquitted of a criminal offense by reason of insanity
and committed to a state mental hospital, entitled to compensation
for representing such person under such appointment at his sub-
sequent sanity hearing held under authority of Article 46.02,
Section 3?

(2) Are out-of-county witnesses who appeared at such sanity
hearing in response to subpoena entitled to witness fees and
mileage under Article 35.27?

Section 8 of Article 46.02 provides, as far as is pertinent to
these questions, that in a trial on the issue of insanity held
under Chapter 46 of the Code of Criminal Procedure, "If the defen-
dant has no counsel, the court shall appoint counsel to conduct
the trial for him."

_____
*All Articles cited herein are from Vernon's Code of Criminal
Procedure.

- 221 -

Section 2(c)(3) of Article 46.02 provides in regard to insanity hearings at the trial on the merits, "If the jury finds the defendant to have been insane at the time the offense is alleged to have been committed, the defendant shall stand acquitted of the alleged offense." (Underscoring added.)

Section 3 of Article 46.02 under the heading, "Status of patient acquitted", provides that a person committed to a State mental hospital under Article 46.02 "upon a jury finding of insanity at the time of trial who has been acquitted of the alleged offense is not by reason of that offense a person charged with a criminal offense." (Underscoring added.)

Article 26.04 (a) which deals with arraignment of an accused in felony cases after indictment, and misdemeanor cases punishable by imprisonment, provides that whenever the court determines at an arraignment or at any time prior to arraignment that an accused charged with a felony or a misdemeanor punishable by imprisonment is too poor to employ counsel, the court shall appoint one or more practicing attorneys to defend him. Article 26.05 provides for the payment of such counsel, so appointed as aforesaid, from the general fund of the county in which the prosecution was instituted according to a schedule therein set out.

From the foregoing, it is obvious that the person for whom the attorney was appointed to represent at the sanity hearing, held for the purpose of determining whether he should be released from the mental hospital because of regaining his sanity, was not then a person charged with a criminal offense, by reason of the provisions of Article 46.02. Therefore, the provisions for compensation for such appointed attorney are not available under said Article 26.05, because such Article 26.05 is applicable only to appointments of attorneys in criminal cases made under authority of Article 26.04(a). We have found no statute providing compensation for attorneys appointed under Section 8 of Article 46.02 to conduct the trial for the person whose sanity is being determined, thus we answer your first question in the negative.

As to your second question, we point out that Article 24.01 defines a subpoena as "...a writ issued to the sheriff or other proper officer commanding him to summon one or more persons therein named to appear at a certain term of the court, or on a certain day, to testify in a criminal action, or before an examining court, coroner's inquest, the grand jury, or before a judge hearing an application under habeas corpus, or in any other case in which the testimony of a witness may be required under the provisions of this Code. . . ." (Underscoring added.)

It is observed that the subpoenas are authorized in "any... case in which the testimony of a witness may be required under the provisions of this Code." A sanity hearing held under the provisions of Article 46.02, Section 3 is a "case" provided for by the code in which "testimony...may be required". Accordingly, an out-of-county witness subpoenaed to testify at such a sanity hearing is entitled to witness fees and mileage under Article 35.27, to be paid by the State. (It should, however, be observed that although fees are authorized for sanity hearing witnesses, there is presently no appropriation for payment.)

## S U M M A R Y

(1) An attorney appointed under Article 46.02, Section 8, V.C.C.P., to represent a person previously acquitted of a criminal offense by reason of insanity and committed to a state mental hospital, is not entitled to compensation from the state or county for representing such person under such appointment at a subsequent sanity hearing under Article 46.02, Section 3, V.C.C.P.

(2) Out-of-county witnesses appearing at such sanity hearings in response to a subpoena are entitled to witness fees and mileage under the provisions of Article 35.27, V.C.C.P., to be paid by the State.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by R. L. Lattimore and
Lonny F. Zwiener
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
Douglas Chilton
Monroe Clayton
Howard Fender
Harold Kennedy

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.